The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach different facts and conclusions than those reached by the Deputy Commissioner and accordingly, the March 22, 1996, Opinion and Award is HEREBY REVERSED AND VACATED. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives at this time, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Based upon all the competent and convincing evidence of record, the Full Commission make the following
FINDINGS OF FACT
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and defendant-employer at the times in question.
3. GAB Business Services is the compensation carrier on the risk.
4. The plaintiff's average weekly wage is $313.72, which yields a compensation rate of $209.16 per week.
5. The plaintiff sustained injuries by accident on May 22, 1992, and August 3, 1992.
6. The defendant-employer admitted liability and the parties entered into a Form 21 Agreement.
7. Various medical records and other documents have been stipulated into evidence with the Pre-Hearing Agreement. Defendants introduced three videotapes and an investigative report.
8. Defendant-employer withdrew its February 28, 1994, Form 24 requesting compensation be stopped.
9. Plaintiff cannot, because of his back injury, perform his original job as heavy-equipment operator or in the street department.
10. Defendant-employer paid compensation to plaintiff at the rate of $202.94 ($310.40 average weekly wage) through September 6, 1994.
11. Before the dates of injuries, the plaintiff worked as a heavy-equipment operator in the street department for the employer; that job required occasional heavy lifting. Before injury, the plaintiff had worked for the employer about six years.
12. On May 22, 1992, the plaintiff sustained an injury by accident when he fell while carrying a heavy section of drain tile. On August 3, 1992, the plaintiff sustained a second injury by accident or compensable incident when he experienced back pain while manually pulling a mailbox out of the ground.
13. The plaintiff received various treatment or evaluations by Caldwell County Hospital Emergency Room, Dr. John McCormick, Caldwell Physical Therapy, Dr. Gregory Rosenfeld, VA Hospital, Dr. David Kelly, Jr., Dr. Paul Tilley, Dr. Maher Habashi, Dr. John Newell, and Dr. Gary Pitts.
14. On April 21, 1993, Dr. Gregory Rosenfeld performed approved surgery consisting of: L4 and L5 complete laminectomy; L3 and L4 partial laminectomy; partial L3-4, L4-5 and L5-S1 medial facetectomies; bilateral L4, L5 and S1 foraminotomies; exploration of the L3, L4-5 and L5-S1 disk spaces.
15. After the surgeries, the plaintiff experienced problems with bladder incontinence and almost complete sexual dysfunction (impotence), which problems have continued.
16. Dr. Gary Pitts, a Boone urologist who was initially approved by defendants, testified these after surgery problems are very likely a result of nerve damage from the injuries or surgery. One further test for the bladder (cystometrogram) is needed to confirm nerve damage as to the bladder.
17. Dr. Pitts is of the opinion that the sexual dysfunction is permanent for the foreseeable future, and needs to be treated with a vacuum pump, then intracorporal injections, and then possibly a penile prosthesis. While plaintiff's sexual dysfunction is, at this time, almost complete, there are obviously several treatment options available which may improve his functioning. Therefore, since plaintiff is certainly under treatment with some hopes of improvement, any award of permanency would be improper at this time. Plaintiff will certainly be entitled to a permanency award at such time as all treatment options have failed to provide some improvement or at such time as full function is not restored. At such time as Dr. Pitts is able to render an opinion as to true permanency, plaintiff may submit such opinion to the undersigned for consideration of a permanency award.
18. Beginning September 1, 1994, and ending December 28, 1994, the plaintiff located a job as interim pastor at Canaan Baptist Church for 17 weeks at $200.00 per week. Thereafter, the plaintiff undertook a reasonable job search at up to ten places before locating a job March 3, 1995, at Integrated (also called Goody) Transportation as a truck driver. The plaintiff was unable to do any of the jobs the City of Lenoir had available. The Integrated job pays less than the City of Lenoir but allows the plaintiff not to do any lifting and to drive such trips as his back pain allows.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. The plaintiff's correct average weekly wage is $313.72 (compensation rate $209.16). Defendants paid 108 5/7 weeks of compensation at the incorrect rate of $202.94 per week.
2. The plaintiff is entitled to temporary partial and total compensation beginning September 7, 1994, until the end of 300 weeks from August 3, 1992. N.C. Gen. Stat. § 97-29 and 97-30.
3. The plaintiff is entitled to compensation under N.C. Gen. Stat. § 97-31(24) for loss of sexual function, should such a true permanency be confirmed by Dr. Pitts or other medical opinion in the future once treatment has been completed.Gray v. Carolina Freight Carriers, Inc., 105 N.C. App. 480,414 S.E.2d 102 (1992).
4. The plaintiff is also entitled to continuing treatment for his sexual dysfunction, bladder dysfunction and back condition. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendants shall pay the plaintiff $676.18 for the $6.22 per week differential in correct compensation rate for the 108 5/7 weeks of compensation previously paid, subject to the attorney fee.
2. Defendants shall pay the plaintiff $209.16 per week compensation beginning September 7, 1994, until the end of 300 weeks from August 3, 1992, subject to a credit as provided by N.C. Gen. Stat. § 97-30 for amounts earned at Canaan Baptist Church and Integrated Transport, subject to attorney fee. The compensation which has accrued shall be paid in a lump sum and weekly thereafter.
3. An attorney fee for plaintiff's counsel of 25 percent of all above accrued and future amounts is approved, and shall be paid directly by defendants to said counsel.
4. Defendants shall pay all medical expenses as approved by the Commission, including but not limited to, the medical providers named in this Opinion, and for continuing treatment of the employee's sexual dysfunction, bladder dysfunction, and back injury.
5. Permanency and compensation of the plaintiff's bladder dysfunction and sexual dysfunction is reserved for later determination upon the request of either party.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of __________________, 1996.
 S/ ____________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 10/23/96